```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
CHRISTOPHER CAREY,                                     :
                                                       :
                        Plaintiff,                     :         SUMMARY ORDER
                                                       :         09-CV-2694 (DLI) (JMA)
            -against-                                  :
                                                       :
INTERNATIONAL CONSOLIDATED                             :
COMPANIES, INC.,                                       :
                                                       :
                        Defendant.                     :
                                                       :
------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

Defendant was served with a copy of the Summons and Complaint in this action on July 24, 2009. Defendant failed to file an Answer or otherwise move within twenty days from the date of service, or by August 13, 2009, as required pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. Plaintiff moved for an entry of default on September 18, 2009. Defendant's counsel entered an appearance in this matter on October 1, 2009, and, on October 20, 2009, filed an opposition to plaintiff's motion for an entry of default. Defendant's Answer was filed on October 23, 2009. On October 28, 2009, plaintiff sought permission to file a motion to strike the Answer, arguing that it was untimely and procedurally improper, since no leave from the court was sought or granted to file this pleading. The court held argument on plaintiff's pending default motion and request for leave to move to strike on December 9, 2009.

Defendant claims that there are no grounds to support plaintiff's motions. Soon after defendant's receipt of the Summons and Complaint, the parties entered into settlement discussions, resulting in the exchange of a draft settlement agreement. Defendant notes that plaintiff's counsel emailed the defense on September 17, 2009, indicating that his client would

accept one of the terms in the proposed settlement agreement that it had originally rejected.[1] Plaintiff then filed the request for entry of default the very next day, on September 18, 2009, with service directly to defendant. It is undisputed that plaintiff neither notified defense counsel that it had so moved, nor served counsel with the motion papers despite the ongoing settlement negotiations and plaintiff's related dealings with counsel.

At the December 9, 2009 conference, plaintiff's counsel represented that he moved for default immediately after his client notified him that it was not willing to settle the case per the terms of the draft agreement. He further claimed that the defendant was served directly because counsel had not yet entered an appearance in this matter, and counsel had specified that he had been engaged only for purposes of settlement negotiations. With respect to the prejudice suffered from defendant's delayed filings, counsel indicated that plaintiff has yet to receive the payments allegedly due to him under the agreement that gave rise to his grievance. Defense counsel conceded that they should have entered an appearance and requested an extension of time on their responsive filings notwithstanding ongoing settlement discussions.

"The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court," *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993), and "district courts regularly exercise their discretion to deny technically valid motions for default." *Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 319 (2d Cir. 1986). The Second Circuit has also "expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Dunkin' Donuts Franchised Restaurants LLC v. Got-A-Lot-A-Dough, Inc.*, No. 07-cv-2303 (DRH) (MLO), 2008

---

[1] Copies of the relevant e-mail correspondence were submitted as exhibits to defendant's opposition to the motion for an entry of default.

WL 4861968, at *2 (E.D.N.Y. Oct. 31, 2008) (quoting *Azikiwe v. Nigeria Airways Ltd.,* 2006 WL 2224450 (E.D.N.Y. July 31, 2006).

With respect to motions for entries of default, district courts consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id*. at *3 (quoting *Diakuhara,* 10 F.3d at 96). Courts may also consider other equitable factors, including whether "the entry of default would bring about a harsh or unfair result." *Id.* (internal quotation marks omitted). "[D]efaults are generally disfavored and are reserved for rare occasions [and] when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* (internal quotation marks omitted). Defaults "are particularly disfavored when substantial rights are implicated or when substantial sums of money are demanded." *Id.* (internal quotation marks omitted).

Similarly, the resolution of a motion to strike is left to the sound discretion of the district court. *See Dunkin' Donuts Franchised Restaurants LLC*, 2008 WL 4861968, at *2; *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). "Motions to strike are generally disfavored and will be denied unless it is clear that under no circumstances could the defense succeed." *Dunkin' Donuts Franchised Restaurants LLC*, 2008 4861968 at *2 (quoting *Azikiwe,* 2006 WL 2224450, at *1); *see also Llewellyn v. North American Trading,* 1996 WL 715532 at *2 (S.D.N.Y. Dec. 11, 1996) (denying motion to strike an untimely answer because doing so "would violate the policy resolving cases on the merits").

Despite the unexcused delay in defendant's responsive filings, the court finds that there was no willful failure to defend in the instant matter warranting a departure from the Second Circuit's preference for resolution of disputes on the merits. Indeed, plaintiffs conceded during the conference that the defendant was responsive to communications from plaintiff regarding

3

settlement.  Once negotiations failed, defense counsel appeared and defended against the pending motion for default and the request for leave to move to strike.  Furthermore, the court finds that plaintiff has not been prejudiced by the defendant's late filings.  Any possible prejudice resulting from a delay in obtaining payments due by contract is easily remedied by an award of interest and fees and/or other penalties as appropriate should plaintiff prevail.  Finally, plaintiff has made no allegation or submitted any evidence to establish that there are no meritorious grounds for a defense in this action.

The court is troubled by plaintiff's demonstrated lack of good faith and candor in resorting to the filing of a default motion, without notice to defense counsel, in light of ongoing settlement negotiations.  As such, plaintiff consumed valuable judicial resources with its motions for default and to strike the pleadings.  Particularly disturbing are plaintiff's decision to serve defendant directly despite knowing that defendant was represented by counsel, and failure to mention the parties' negotiations in its motion papers, where it claimed that defendant "failed to plead or otherwise defend the above-captioned action."  Clearly, defendant opted to "defend" by engaging, in good faith, in settlement discussions before interposing an answer.  The court notes, and defendant concedes, that the better practice would have been for defendant to file a notice of appearance and request an enlargement of time in which to answer in light of ongoing settlement discussions.  Plaintiff's counsel is admonished that the court expects more candor in future filings and professional courtesy in dealings with defense counsel.

In light of the foregoing, plaintiff's motion for default judgment is denied. Leave to file a motion to strike defendant's untimely Answer is also denied.

SO ORDERED.

Dated: Brooklyn, New York
December 11, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge

5